U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
MAR 10 2016
AT_____ O'CLOCK
Lawrence K. Baerman, Clerk - Albany

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.   1:16-CR-82(MAD) |
| | ) | |
| v. | ) | **Indictment** |
| | ) | |
| **MICHAEL TELFORD,** | ) | Violations: 18 U.S.C. § 2252A(a)(2)(A) & (b)(1) [Distribution and Receipt of Child Pornography]; 18 U.S.C. § 2252A(a)(5)(B) & (b)(2) [Possession of Child Pornography] |
| | ) | |
| | ) | 3 Counts & Forfeiture Allegation |
| | ) | |
| **Defendant.** | ) | County of Offense:   Washington |

## THE GRAND JURY CHARGES:

### COUNT 1
### [Distribution of Child Pornography]

On or about December 27, 2013, in Washington County in the Northern District of New York, the defendant, **MICHAEL TELFORD**, did knowingly distribute and attempt to distribute child pornography using a means and facility of interstate and foreign commerce, shipped and transported in and affecting such commerce by any means, including by computer, in that the defendant, **MICHAEL TELFORD**, made one or more graphic image and video files containing images of one or more actual minors engaged in sexually explicit conduct available to be downloaded by others through the use of the Internet and that on December 27, 2013, part or all of one graphic video files depicting a minor and minors engaged in sexually explicit conduct was sent from the defendant's computer using Skype to another user of Skype, in violation of Title 18, United States Code, Sections 2252A(a)(2)(A) and (b)(1) and 2256(8)(A).

## COUNT 2
[Receipt of Child Pornography]

On or about April 24, 2015 to on or about June 4, 2015, in Washington County in the Northern District of New York, the defendant, **MICHAEL TELFORD**, did knowingly receive child pornography using a means and facility of interstate commerce, shipped and transported in and affecting such commerce by any means, including by computer, in that the defendant **MICHAEL TELFORD**, downloaded graphic image and video files of a minor and minors engaged in sexually explicit conduct using a computer connected to the Internet, bearing serial number 4PWB7B1, and Skype, in violation of Title 18, United States Code, Sections 2252A(a)(2)(A) and (b)(1) and 2256(8)(A).

## COUNT 3
[Possession of Child Pornography]

On or about January 8, 2016, in Washington County in the Northern District of New York, the defendant, **MICHAEL TELFORD**, did knowingly possess material that contained one or more images of child pornography that had been transported using a means and facility of interstate and foreign commerce, and in and affecting such commerce by any means, including by computer, and that was produced using materials that had been transported in and affecting such commerce by any means, including by computer, that is a Maxtor Hard Drive bearing serial number F20ZRFAC, containing graphic image and video files of actual minors engaged in sexually explicit conduct in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and (b)(2) and 2256(8)(A). That violation involved images of child pornography involving prepubescent minors and minors who had not attained 12 years of age, in violation of Title 18, United States Code, Section 2252A(b)(2).

## FORFEITURE ALLEGATION

The allegations contained in Counts One through Three of this Information are hereby realleged and incorporated by reference for the purposes of alleging forfeiture, pursuant to Title 18, United States Code, Section 2253.

Pursuant to Title 18, United States Code, Section 2253, upon conviction of the offenses in violation of Title 18, United States Code, Sections 2252A(a)(2)(A), (b)(1) and (b)(2), the defendant, **MICHAEL TELFORD**, shall forfeit to the United States of America:

    a. Any visual depiction described in Title 18, United States Code, Sections 2251, 2251A, 2252 or 2252A, and any book, magazine, periodical, film, videotape, and other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Title 18, United States Code, Chapter 110;

    b. Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses, and

    c. Any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses, and any property traceable to such property.

The property to be forfeited includes, but is not limited to:

    a. A Dell Latitude D6D10 Laptop computer, serial number 4PWB7B1;

    b. A Maxtor hard drive, serial number F20ZRFAC;

If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party,

3

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853 (p), as incorporated by Title 18, United States Code, Section 2253(b) and by Title 28, United States Code, Section 2461(c).

Dated: March 10, 2016

A TRUE BILL, \*\*\*REDACTED\*\*\*

_____
Grand Jury Foreperson

RICHARD S. HARTUNIAN
United States Attorney

By: _____*Emily Farber*_____
Emily Farber
Assistant United States Attorney
Bar Roll No. 519174